UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steve H. Huddle,                      Case No. 3:21-cv-1652

        Plaintiff

   v.                                 MEMORANDUM OPINION
                                             AND ORDER

Federal Bureau of Investigation, *et al.*,

        Defendants

*Pro se* plaintiff Steve H. Huddle has filed a fee-paid complaint in this case against the Federal Bureau of Investigation and the Central Intelligence Agency (collectively, "defendants"). (Doc. No. 1.)

In his complaint, plaintiff alleges defendants used his former neighbor, Thomas Baughman, as a "subsource" to use "sensors to eavesdrop on [his] thoughts" and that, on September 12, 2016, "the government seized the sensors and pickups" it had from Mr. Baughman and fined Mr. Baughman "well over $1 million." (*Id.* at 1.) He alleges his family was never notified of the surveillance and, as a result, his legal guardians put him in a "secure facility for [his] protection but without any freedom." (*Id.*) He seeks "a reprieve of justice" and "relief through a settlement payoff exemption." (*Id.*) Plaintiff has also filed motions for appointment of counsel (Doc. No. 3) and to proceed *in forma pauperis* (Doc. No. 4).

The defendants have a motion to dismiss the complaint on various grounds, including sovereign immunity. (Doc. No. 6.) Plaintiff has responded to this motion. (Doc. No. 7.) In his response, plaintiff continues to contend the defendants have continually engaged in and allowed the

use of a "subsource" to conduct illegal surveillance on him, and he appears to contend such conduct establishes a waiver of sovereign immunity.

Upon review, I must deny plaintiff's motions and grant defendants' motion to dismiss.

In the United States, the federal government has sovereign immunity and may not be sued unless it has waived its sovereign immunity or consented to suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999), *quoting FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Supreme Court has held that the federal government has not waived its sovereign immunity with respect to civil rights claims against its agencies. *Meyer*, 510 U.S. at 484-85. Plaintiff has not demonstrated that the federal government has waived its sovereign immunity with respect to his claims of illegal surveillance. Without a waiver of sovereign immunity, this court lacks subject matter jurisdiction over plaintiff's action.

In addition, a federal district court may "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

I find plaintiff's complaint warrants dismissal for lack of subject matter jurisdiction on this basis as well. Even according the complaint the deference to which a *pro se* pleading is entitled, it fails to suggest any federal claim having an arguable basis in law or in fact. *See Tucker v. FBI Head Quarters*, Case No. 19-13626, 2020 WL 2059866, at *2 (E.D. Mich. Apr. 29, 2020) (dismissing *pro se* complaint for lack of subject matter jurisdiction where the "overall theme" of the complaint was that "Surveillance Operatives," which plaintiff defined as the "Deep State" and/or "Shadow Government," were working to "hypnotize" and/or brainwash plaintiff and his wife through "electronic warfare" and "neural weapons").

**Conclusion**

Accordingly, for the reasons stated above, defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is granted.

Plaintiff's motion to proceed *in forma pauperis* is denied as moot in that the docket indicates plaintiff paid the full filing fee in the case. And his motion for appointment of counsel is also denied as appointment of counsel in civil cases is not a constitutional right and is warranted only in "exceptional circumstances," which I do not find exist here. *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1995) (appointment of counsel not appropriate when a litigant's claims are frivolous, "or when the chances of success are extremely slim").

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge